IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL WESTFALL,<br><br>Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF UNIVERSITIES FOR RESEARCH IN ASTRONOMY,<br><br>Defendant. | CIVIL NO. 21-00317 JAO-RT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

This action concerns Defendant Association of Universities for Research in Astronomy's ("Defendant") alleged disability and age discrimination against Plaintiff Michael Westfall ("Plaintiff"), in violation of the Age Discrimination in Employment Act ("ADEA"), the Americans With Disabilities Act ("ADA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act").  Defendant moves to dismiss for improper venue, or alternatively, to transfer venue to Arizona or the District of Columbia.  ECF No. 16-1 at 8.  For the following reasons, the Court GRANTS Defendant's Motion to Dismiss, or in the Alternative, to Transfer Venue.

# BACKGROUND

## A.     Factual History

Plaintiff, a 62-year-old software engineer, was employed by Defendant for approximately six years at the Gemini Observatory in La Serena, Chile.  ECF No. 1 ("Compl.") at 2 ¶¶ 1–2.  Plaintiff alleges that he was terminated after taking an extended medical leave due to complications from diabetes and replaced with younger and less experienced employees.  *Id.* at 3 ¶ 3.

Defendant initially hired Plaintiff for a two-year term to work on a Real-Time Software Upgrade Project for its Gemini Telescopes.  *Id.* at 3–4 ¶¶ 6–7.  In 2016, Defendant made Plaintiff a permanent employee; when the project ended in 2018, Defendant induced Plaintiff to remain in a general software operations support role.  *Id.* at 4 ¶ 9.

In the fall of 2019, Plaintiff became ill and was unable to work for more than two months.  *Id.* ¶ 10.  According to Plaintiff, he consistently received "successful" annual performance reviews, performance-based bonuses, and annual salary increases throughout his tenure.  *Id.* ¶ 8.  However, upon his return to work after medical leave, his supervisor, Arturo Nunez, allegedly began singling him out and subjected him to harsher criticism than his co-workers.  *Id.* ¶ 13.  And even though Plaintiff received an "Outstanding Achievement Award" at the end of fiscal year ("FY") 2019, in early 2020, his annual performance review for FY 2019 rated him

as "Needs Improvement," the first time he received such a rating during his employment.  *Id.* at 5 ¶ 14.

On March 25, 2020, Plaintiff received a notice that he would be terminated in 60 days based on his FY 2019 review if he failed to improve in three areas: "independent," "communication," and "ownership and priority management."  *Id.* ¶ 15.  During the 60-day period, Defendant began hiring employees in their 20s and 30s without the requisite experience to perform his duties.  *Id.* ¶ 17.

On May 25, 2020, Defendant terminated Plaintiff on the basis that he failed to improve during the 60-day period.  *Id.* at 5–6 ¶ 18.

## B.    Procedural History

On July 23, 2021, Plaintiff commenced this action pro se.  Counsel appeared on his behalf on September 17, 2021.  ECF No. 8.  The Complaint asserts three claims:  Count I — discipline and termination under the ADA and Rehabilitation Act; Count II — discipline and termination under the ADEA; and Count III — retaliation under the ADA and Rehabilitation Act.  Compl. at 6–8.

On November 1, 2021, Defendant filed the present Motion to Dismiss, or in the Alternative, to Transfer Venue.[1]  ECF No. 16.  Defendant sought to obtain an agreement from Plaintiff to voluntarily transfer this case, and while Plaintiff

---

[1]  Defendant initially filed the motion on October 29, 2021 but refiled it to correct its disclosure of personal identifiers.  ECF No. 15.

initially indicated his willingness to do so, he ultimately declined months later. ECF Nos. 22, 24, 25, 31, 32, 34.  On February 11, 2022, Plaintiff filed an Opposition.  ECF No. 36.  Defendant filed a Reply on February 25, 2022.  ECF No. 39.

The Court held a hearing on March 18, 2022.  ECF No. 42.

## LEGAL STANDARD

Plaintiff bears the burden of demonstrating that venue is proper.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) (citation omitted).  "Venue is determined at the time the action is commenced." *Haney v. United Airlines, Inc.*, Case No. 15-cv-00474-VC, 2016 WL 11576197, at *1 (N.D. Cal. Aug. 3, 2016) (internal quotation marks and citation omitted).  When a court addresses challenges to venue under Federal Rule of Civil Procedure ("FRCP") 12(b)(3), "the pleadings need not be accepted as true, and facts outside the pleadings properly may be considered."  *Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005) (citation omitted); *see also Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted).  Allegations in the pleadings may be relied upon to establish venue, but only "to the extent those allegations are not controverted by defendant's evidence." *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1129 (C.D. Cal. 2009) (citations omitted).

4

## DISCUSSION

Defendant argues that this case should be dismissed for improper venue because this district is not the proper forum for Plaintiff's ADA and Rehabilitation Act claims under the special venue provision, 42 U.S.C. § 2000e-5(f)(3).  ECF No. 16-1 at 8.  Defendant alternatively requests that this case be transferred to the District of Arizona or the District of the District of Columbia.  *Id.*

Plaintiff counters that venue is proper here and that Defendant has not shown that transferring venue would be more convenient for the parties, non-party witnesses, or in the interest of justice.  ECF No. 36 at 2.

### A.    42 U.S.C. § 2000e-5(f)(3) Governs Venue

Plaintiff asserts employment discrimination and retaliation claims based on his age and disability under the ADA, ADEA, and Rehabilitation Act. Employment discrimination claims alleging violations of the ADA and Rehabilitation Act are governed by Title VII's venue provision, § 2000e-5(f)(3), instead of the general federal venue provision, 28 U.S.C. § 1391.  *See Callahan v. BNSF Ry. Co.*, Case No. 3:17-cv-1121-AC, 2018 WL 11218650, at *3 (D. Or. May 4, 2018) (citing *Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 587 (9th Cir. 1991); 42 U.S.C. § 12117(a) (2009)), *adopted by* 2018 WL 11218649 (D. Or. July 20, 2018); *Silveria v. Wilkie*, No. 2:18-cv-412-TLN-KJN PS, 2018 WL 6250856, at *1 (E.D. Cal. Nov. 29, 2018) (citation omitted).  This is so even when

5

a non-ADA claim is included.  *See Kisman v. United Parcel Serv., Inc.*, Case No.

2:21-CV-03164-AB (Ex), 2021 WL 5016903, at \*5 (C.D. Cal. Aug. 13, 2021)

(citations omitted).

Plaintiff argues that ADEA claims are subject to the general federal venue

provision.  ECF No. 36 at 5.  However, § 2000e-5(f)(3) applies when ADEA

claims are brought with claims subject to this provision.  *See Fitten v. McCarthy*,

CIV. NO. 19-00520 LEK-WRP, 2020 WL 2736695, at \*4 (D. Haw. May 26, 2020)

(applying § 2000e-5(f)(3) to ADEA claim asserted with a Title VII claim (citing

*Tamashiro v. Harvey*, 487 F. Supp. 2d 1162 (D. Haw. 2006))); *Enoh v. Hewlett*

*Packard Enter. Co.*, Case No. 17-cv-04212-BLF, 2018 WL 3377547, at \*7 (N.D.

Cal. July 11, 2018) (holding that § 2000e-5(f)(3) applies to both Title VII and

ADEA claims when a plaintiff brings both claims, even if ADEA claims are

ordinarily governed by the general venue provision).  The Court therefore applies

§ 2000e-5(f)(3) to determine whether venue lies in this district.

Under § 2000e-5(f)(3), a plaintiff may bring an action:  (1) "in any judicial

district in the State in which the unlawful employment practice is alleged to have

been committed"; (2) "in the judicial district in which the employment records

relevant to such practice are maintained and administered"; or (3) "in the judicial

district in which the aggrieved person would have worked but for the alleged

unlawful employment practice."  42 U.S.C. § 2000e-5(f)(3).  If a defendant is not

found in any of the foregoing districts, "an action may be brought within the judicial district in which the respondent has his principal office." *Id.*

### 1.    Location Of Unlawful Employment Practice

Under this prong, "venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).  Unlawful employment practices are "'committed' within the meaning of § 2000e-5(f)(3) either in the place where the employment decision was made or where the employee works at the time of the decision." *Kisman*, 2021 WL 5016903, at *7 (internal quotation marks and citation omitted)).

Defendant explains that all decisions related to Plaintiff's discipline and termination of employment were made by employees in Washington, D.C., Arizona, and Chile.  ECF No. 16-1 at 10–11.  Plaintiff asserts that this prong is not determinative because all violations occurred in Chile.  ECF No. 36 at 4.  Because Plaintiff effectively concedes that the alleged unlawful employment practices did not occur in Hawai'i, venue does not lie in this district based on this prong.  Rather, based on the applicable test, venue is proper in Arizona and Washington, D.C.

### 2.    Location Of Employment Records Relevant To The Unlawful Employment Practice

Plaintiff posits that "[i]n this electronic age, most employment records are in

multiple locations or in the cloud" and also suggests that venue is proper because a Hawai'i address is listed on his paychecks and W-2. *Id.* Courts have soundly rejected this argument. Section 2000e-5(f)(3)'s "use of the singular (i.e., 'the judicial district') makes clear that Congress intended venue to lie on the basis of the presence of records only in one judicial district in which the complete, 'master' set of employment records is 'maintained and administered.'" *James v. Booz-Allen & Hamilton, Inc.*, 227 F. Supp. 2d 16, 23 (D.D.C. 2002) (citation omitted). Mere electronic access to employment records is insufficient to establish venue "given that electronic records are accessible anywhere." *Kim v. McHugh*, Civ. No. 13-00616 JMS-KSC, 2014 WL 1580614, at *3 (D. Haw. Apr. 18, 2014) (citations omitted); *see Enoh*, 2018 WL 3377547, at *8 (citation omitted). Accepting "Plaintiff's proposition would mean that []he could bring h[is] action in *any* district []he sees fit, rendering § 2000e-5(f)(3) meaningless." *Kim*, 2014 WL 1580614, at *3.

Here, Defendant creates, develops, and maintains Plaintiff's employment records in Arizona and Chile, and Plaintiff has not offered any contrary evidence. ECF No. 16-1 at 11–12; ECF No. 16-2 ¶ 15. Moreover, notwithstanding the Hawai'i address listed on Plaintiff's paychecks and W-2,[2] these documents are

---

[2] At the hearing, defense counsel explained that this address is a tie over from before the 2000s.

irrelevant to Defendant's purported unlawful employment practices. And even if they were relevant, payroll for Defendant's U.S. employees working for Gemini South in Chile is processed in Tucson, Arizona, and Arizona unemployment taxes are paid for these employees. ECF No. 16-2 ¶ 14. Therefore, Plaintiff fails to meet his burden of establishing that venue is proper in Hawai'i under this prong, as Arizona is the proper venue.

### 3.   Location Where Plaintiff Would Have Worked But For The Unlawful Employment Practice

Plaintiff characterizes this as the most relevant prong, arguing that he would have worked in Chile or Hawai'i if not for Defendant's unlawful employment practices. ECF No. 36 at 4–5. However, this prong "refers to the aggrieved individual's principal place of work, and not any district in which the individual's work might take him." *James*, 227 F. Supp. 2d at 23 (citations omitted). Plaintiff was hired to work in Chile, he exclusively worked there during his employment, and would have continued to do so had he remained employed. ECF No. 16-2 ¶¶ 16–19. Indeed, even the Complaint only references Chile as Plaintiff's place of employment. Compl. at 2–3, ¶¶ 2, 6.

Plaintiff claims that venue is proper in Hawai'i because he worked here on occasion. ECF No. 36 at 5. Plaintiff traveled to Hawai'i three times during the course of his employment, twice in 2015 and once in 2017, for a total of 21 days. ECF No. 16-2 ¶ 21. Traveling three times to Hawai'i for work when Chile was his

9

principal place of employment does not establish venue here.  Indeed, if every judicial district traveled to for work could satisfy this venue provision, plaintiffs could file suit in countless districts across the country having no relation to the unlawful employment actions at issue.

Plaintiff also speculates — emphasized by counsel at the hearing —  that he would have worked in Hawai'i had he retained his job because his successors are working here.  ECF No. 36 at 4–5.  But the fact that job opportunities were available in Hawai'i or Chile, *see* ECF No. 36-4, and Plaintiff's successors elected to work in Hawai'i, does not suggest that Plaintiff would have been transferred to Hawai'i had he remained employed.

Based on the foregoing, Plaintiff has not demonstrated that venue is proper is this district under § 2000e-5(f)(3).

**B.    Whether Dismissal Or Transfer Is Appropriate**

When venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); *see also Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 56 (2013) (explaining that when venue is improper, "the case must be dismissed or transferred under § 1406(a)").  "The language of [§] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue[.]"

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).  And it accords "with the general purpose . . . of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits."  *Id.* at 466–67.  The Court enjoys discretion in electing to dismiss or transfer.  *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

The parties discuss transfer and the appropriate forum under 28 U.S.C. § 1404, *see* ECF No. 16-1 at 13–15; ECF No. 36 at 5–9, but it has no application here because venue must have been proper in the first instance.  *See Atl. Marin*e, 571 U.S. at 59 ("Unlike § 1406(a), § 1404(a) does not condition transfer on the initial forum's being 'wrong.'  And it permits transfer to any district where venue is *also proper* (*i.e.*, 'where [the case] might have been brought') or to any other district to which the parties have agreed by contract or stipulation." (alteration in original) (emphasis added)); *Kim*, 2014 WL 1580614, at *3 (citing 28 U.S.C. § 1404(a)).  At the hearing, counsel conceded that § 1406(a), not § 1404(a), applies.  The Court thus focuses exclusively on whether to dismiss or transfer to a district where the action could have been brought.

In deciding whether to dismiss or transfer, the Court considers "whether the relevant statute of limitations has expired, whether judicial economy would be promoted, whether the action would be re-filed if the case were dismissed, and the relative injustice imposed on the plaintiff and defendant."  *Grain Millers, Inc. v.*

11

*Pac. Flexpak, Co.*, No. 07-CV-1065-AS, 2008 WL 550124, at *2 (D. Or. Feb. 26, 2008) (citation omitted).  Exercising its discretion, the Court finds that the interest of justice supports transfer instead of dismissal.  It appears that Plaintiff would be barred from re-filing an action so transfer would allow Plaintiff's claims to proceed on their merits and promote judicial economy.  *See*, *e.g.*, *Kim*, 2014 WL 1580614, at *3 (transferring to the Eastern District of Virginia in the interest of justice because it is the only district with proper venue and the merits had yet to be addressed); *Ukai v. Fleurvil*, Civil No. 06-00237 JMS/KSC, 2006 WL 3246615, at *5 (D. Haw. Nov. 7, 2006) ("The court therefore finds that the most efficient and just alternative is to exercise its discretion under 28 U.S.C. § 1406(a) and remedy the procedural defects in Ukai's action by transferring the matter.").  The Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights ("Notice") to Plaintiff on April 26, 2021 and Plaintiff was required to file suit within 90 days of his receipt of the Notice.  ECF No. 16-10 at 2.

The Court therefore TRANSFERS this case to the United States District Court for the District of Arizona, where it could have been brought.  Neither party will face injustice by transfer because (1) Defendant concedes that the case should be transferred if the statute of limitations would affect Plaintiff's ability to refile and it identifies the District of Arizona as a district where venue lies, and (2) Plaintiff's counsel expressed a preference for the District of Arizona at the hearing.

## CONCLUSION

For the reasons stated herein, the Court GRANTS Defendant's Motion to Dismiss, or in the Alternative, to Transfer Venue.  ECF No. 16.  This action is TRANSFERRED to the United States District Court for the District of Arizona.

IT IS SO ORDERED.

DATED:      Honolulu, Hawai'i, March 31, 2022.



Jill A. Otake
United States District Judge

Civil No. 21-00317 JAO-RT, *Westfall v. Association of Universities for Research in Astronomy*; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE